{¶ 36} I concur with the majority as to the analysis and disposition of the second, third and fourth assignments of error.
 {¶ 37} I agree with the majority as to the disposition of the first assignment of error. But I find that the majority's analysis of that assignment does not go far enough in explaining how Nathaniel Greene is covered by the umbrella policy. The majority's analysis explains how Mrs. Greene is covered. The majority discusses the language in the liability portion of the umbrella policy which states that employees are covered but only acting within the scope of their employment. The majority concludes, pursuant to Scott-Pontzer, that employees do not have to be acting within the scope of their employment to be covered by uninsured/underinsured motorist coverage which arises by operation of law. That explains how Mrs. Greene, as an employee of Wadsworth Alert Laboratories, Inc., is covered by uninsured/underinsured insurance through Wadsworth's umbrella insurance carrier. It does not explain how Nathaniel is covered.
 {¶ 38} I would find that Nathaniel is covered under the uninsured/underinsured operation of law coverage by finding that he is an insured under subsection D(g) of the liability portion of the umbrella policy. That subsection, which sets forth "Who Is An Insured", states: "At your option and subject to the terms of the coverage of the insurance, any additional insured(s) included in the underlying insurance listed in Schedule A, but only to the extent that insurance is provided for such additional insured(s) thereunder." The underlying insurance listed in Schedule A was the Westfield policy. The Westfield policy, in the express uninsured/underinsured coverage, covered family members of employees.